**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4094**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

ALEX ALONSO, a/k/a Adrian Gonzalez de la Torre,

               Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:08-cr-00993-JFA-2)

Submitted: September 13, 2011    Decided: September 21, 2011

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James T. McBratney, III, MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant. Jane Barrett Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Alonso seeks to appeal his conviction and sixty-month sentence following his guilty plea to one count of possession with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2006 & Supp. 2011). In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on the docket on November 16, 2009. The notice of appeal was filed on January 13, 2011.[2] Because Alonso failed to file a timely notice of appeal or obtain an extension of the appeal period, we

---

[1] At the time judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2008). On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Alonso's notice of appeal was untimely under either period.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

dismiss the appeal.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009).  Because Alonso's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).